# CHARLESTOWN.

## BECK v. THOMPSON.

Submitted June 25, 1888.—Decided Sept. 15, 1888.

| 31 | 459 |
|----|-----|
| 37 | 826 |
| 31 | 459 |
| 40 | 249 |
| 31 | 459 |
| 44 | 648 |
| 31 | 459 |
| 58 | 81 |

1. ASSAULT AND BATTERY—DAMAGES—PUNITIVE—COMPENSATORY.

In an action for trespass for an assault and battery damages can not be recovered for the purpose of punishing the defendant, but for compensation for the injury done by him ; and in considering the *quantum* of damages the jury have a right to consider not only the physical injury and physical suffering, and expenses and loss of time and wages, but also the mental anguish, shame and dishonor suffered by the injured party. (p. 458.)

2. ASSAULT AND BATTERY—DAMAGES—PUNITIVE—COMPENSATORY.

In such an action an instruction that, "if the jury believe from the evidence that the assault in the declaration mentioned was committed by defendant, the plaintiff is only entitled to compensation for such injuries as, he may have shown from the evidence, were caused by the assault, they will not award punitive, vindictive, or exemplary damages," was properly refused, because it does not propound the law correctly and is misleading. (p. 459.)

3. NEW TRIAL—DISQUALIFICATION OF JUROR.

A new trial will not be granted on account of the disqualification of a juror for matter that is a principal cause of challenge, which existed before he was elected and sworn as a juror, but which was unknown to the party until after the trial, and which could not have been discovered by the exercise of ordinary diligence, unless it appears from the whole case, made before the court on the motion for a new trial, that the party suffered injustice from the fact that such juror served in the trial of the case. (p. 461.)

4. NEW TRIAL—DISQUALIFICATION OF JUROR.

A juror served in the trial of a case, when under the statute he was disqualified by reason of the fact that he had a similar case ready for trial in the same court. The counsel for the defendant, after the juror was sworn and before verdict, knew he was disqualified and moved for a new trial on that ground, and it did not appear, that the defendant had been injured by the fact that said juror served on the jury. *Held,* no ground for a new trial. (p. 461.)

*W. H. Travers* for plaintiff in error.

*C. Baylor* for defendant in error.

JOHNSON, PRESIDENT:

This is an action of trespass, brought in the Circuit Court of Jefferson county in January, 1886, for an assault and battery committed by the defendant upon the plaintiff. The defendant pleaded not guilty, and on trial of the issue the jury rendered a verdict for $250.00 damages. The defendant moved for a new trial, which motion was overruled, and judgment entered on the verdict. The defendant saved two bills of exceptions,—the first, to the refusal to give an instruction; the second, to the refusal of the court to set aside the verdict, and grant a new trial. A writ of error and *supersedeas* was granted the defendant.

The first error assigned is that the court refused to give the following instruction: " If the jury believe from the evidence that the assault in the declaration mentioned was committed by the defendant, the plaintiff is only entitled to compensation for such injuries as he may have shown from the evidence were caused by the said assault, they will not award punitive, vindictive, or exemplary damages." The rule as to the kind of damages a party is entitled to recover in an action for seduction, was announced by this Court in *Riddle* v. *McGinnis*, 22 W. Va. 253, that " the jury in estimating the damages sustained by the plaintiff may take into consideration the mental anguish, the dishonor and shame endured by the plaintiff, as well as the actual expenses incurred by reason of the wrongful act of the defendant." That was an action for seduction, in which there was no physical suffering; but in an action for assault and battery, in addition to the physical injury and suffering endured by the plaintiff, he also would suffer mental anguish, because of the dishonor and shame, and for all these he would be entitled to be compensated in damages.

In *Pegram* v. *Strotz*, *supra*, p. 220 (6 S. E. Rep. 485,) decided by this Court February 28, 1888, after quoting the provision of the statute, that " an action may be maintained * * * by a wife against the person selling or furnishing such spirituous liquors, as well as for all such damages as the plaintiff has sustained by reason of the selling or giving such liquors, as for exemplary damages," it was held that

"by exemplary damages is meant, not additional damages, given as a punishment of the defendant for selling intoxicating liquors to her husband illegally, but damages which shall not only compensate her for injury to her means of support, but also, in a proper case, damages which shall compensate her for her mental anguish." In this last case, the doctrine, that in a civil case punitive, vindictive or exemplary damages can be imposed as a mere punishment to the defendant, is repudiated. But it by no means follows that in an action for an injury wantonly inflicted by one person upon another the damages are confined to the mere making good the pecuniary loss which the injured party has suffered,—as his loss of wages for the time he was disabled, and the expenses of nursing and medical attendance,—for he is not only entitled to recover for these, but for the physical injury received and the physical suffering endured; but the jury may in addition to this compensate him for the mental anguish, shame and dishonor which he has suffered.

In this case the instruction was that the plaintiff was "only entitled to compensation for such injuries as he may have shown from the evidence were caused by the assault; they will not award punitive, vindictive or exemplary damages." Now we have seen from the decision in *Pegram* v. *Stortz*, that exemplary damages may be recovered, not by way of punishment to the defendant, but compensation to the plaintiff. These terms have been used with different definitions, and have not uniformly been understood to mean the same thing. The instruction, coupled with the last clause, would say to the ordinary juryman, "Do not give the plaintiff any damages except for loss of time, expense of nursing and medical attendance;" that is what he would understand by compensation for such injuries as he may have shown from the evidence were caused by the said assault. The instruction did not propound the law correctly, was misleading, and properly refused.

The second bill of exceptions shows by an affidavit of the defendant that J. H. Langdon, one of the jurors who rendered the verdict against him, says: "That he was not informed, and did not know until after the said case was argued and submitted to the jury, that one of the said jurors,

J. H. Langdon, had pending in the same court any matter of fact to be tried by a jury, which was expected to be tried during the same term, or that he had a matter of like character as that involved in said cause, in which this defendant is a party."

The bill of exceptions further shows that one of the jurors who was sworn to try the issue joined in this case was one of the *venire* summoned for the term; that at the same term of the court an action of trespass on the case for an assault and battery, in which said juror was plaintiff, had matured for trial, and was set for trial on the calendar of the court the next day after the day of the trial of this action; that this disqualification of said juror was known to counsel for defendant after the jury retired, and before the rendition of their verdict; and that no motion was made to the court on this subject until after verdict. The court overruled the motion for a new trial, and entered judgment, and the defendant excepted.

The statute under which it is claimed the verdict should be set aside is section 28 of chapter 116 of the Code, and is as follows: "No person shall serve as a juror, except in trials for felony, at any term of a court during which he has any matter of fact to be tried by a jury, which shall have been, or is expected to be, tried during the same term." Acts 1882, ch. 83. Section 19 of the same chapter of the Code (116) provides as follows: "No irregularity in any writ of *venire facias*, or in the drawing, summoning, or impaneling of jurors, shall be sufficient to set aside the verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the swearing of the jury."

In *State* v. *McDonald*, 9 W. Va. 456, a member of the grand-jury which found the indictment was sworn to try the prisoner, and after the trial motion was made to set aside the verdict on the ground that the juror was disqualified. The motion was denied, and the appellate court affirmed the judgment. And so it has been held in this State that, when it does not appear any injustice was done the party, a verdict will not be set aside because a juror had made up and expressed an opinion on the case before he was sworn as a

juror. *State* v. *Strauder*, 11 W. Va. 745; *Sweeney* v. *Baker*, 13 W. Va. 158; *State* v. *Greer*, 22 W. Va. 800. The same rule has been held where the juror was disqualified because he was not a citizen of the State. *Zickefoose* v. *Kuykendall*, 12 W. Va. 23.

The rule as laid down in these cases is as to civil cases as well as in criminal cases, that a new trial will not be granted for matter that is a principal cause of challenge, which existed before a juror was elected and sworn but which was unknown to the party until after the trial, and which could not have been discovered by the exercise of ordinary diligence, unless it appears from the whole case that the party suffered injustice from the fact that such juror served upon the case. And the meaning of the words, " unless it appears from the whole case that the party suffered injustice from the fact that such juror served upon the case," is, unless it appears from the whole case, as shown by the evidence submitted to the court on a motion for a new trial, (and not from the evidence before the jury,) that the party suffered injustice from the fact that such juror served upon the case. *State* v. *Greer*, 22 W. Va. 800.

It does not from the record appear that Thompson suffered the slightest injustice by reason of the disqualified juror being on the jury. There is no reason to distinguish this case from the others we have cited. The statute covers them all alike. It is here insisted that section 28 of chapter 116 is an inhibition to the juror sitting in the case; but section 19 of the same chapter, which must be read with it, declares that in such case the verdict shall not be set aside unless the objection was made before the jury was sworn, or the party making the motion was injured by the irregularity. No injury was done him; and it would greatly interfere with the administration of justice if verdicts could be set aside for such reasons.

There is no error in the judgment, and it is affirmed.

AFFIRMED.