## Richmond.

REYNOLDS V. RICHMOND AND MANCHESTER RAILWAY CO.

DECEMBER 19, 1895.

1. EVIDENCE—*Examination of Witnesses—General Character for Truth.*—If the character and object of the cross-examination of a witness are such as not to impeach him nor to reflect on him, but merely to show that an injury complained of may probably have been caused before the time of the accident under investigation, and the jury has been so instructed, evidence of his general character for veracity is not admissible.

2. ELECTRIC CARS—*Passenger—Negligence—Burden of Proof.*—The instructions in the case at bar, taken in connection with the pleading and evidence, fairly propounded the law as to when one becomes a passenger on an electric railway car; the degree of diligence required of the defendant company; what constituted negligence and also contributory negligence in the particular case, and that the burden of proof was on the plaintiff to show the negligence of the defendant.

3. JURORS—*Competency of Juror—Objection After Verdict.*—The fact that a juror, who was a carpenter, was, at the time he was summoned, engaged on a temporary job for the defendant, which he thought was terminated by the summons, and failed to disclose the same on his *voir dire*, is not sufficient to set aside the verdict, when it appears that the plaintiff knew the facts before the case was submitted to the jury, but did not object on that account, and it further appears that the plaintiff has suffered no injustice by the service of such juror.

Error to a judgment of the Hustings Court of the city of Manchester, rendered October 31, 1892, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The verdict in this case in favor of the defendant was found

on the 22d day of July, 1892.   On the same day the plaintiff
moved the court to set aside the verdict of the jury and grant
him a new trial, which motion was docketed and continued
to a later day of the term.   On July 26, 1892, it was ordered
that the motion " be continued until the October term next
for a decision to be given therein, with leave to file bills of
exceptions."   No bills of exception appear to have been filed
at the July term.   At the October term the motion for a new
trial was overruled and judgment entered on the verdict in
favor of the defendant.

And thereupon the plaintiff excepted, and filed his bills
of exceptions, one of which contains the evidence given at
the July term.   If this was done by consent, the record does
not disclose it, but no objection was made on this account
either in the trial court or in this court.   The bill which con-
tains the evidence simply states that " the plaintiff at the time
excepted, and asked that the point be reserved, which was
done, and he now prays that this, his bill of exceptions, be
signed, sealed, and made a part of the record, which is ac-
cordingly done, to have effect as of the time at which said
exception was taken."

The instructions offered by the plaintiff and the defendant,
respectively, were as follows :

### Plaintiff's Instructions.

No. 1.  " The court instructs the jury that a common car-
rier of passengers is bound to use the utmost care and dili-
gence for the safety of passengers, and is liable for an in-
jury to a passenger occasioned by the slightest neglect against
which human prudence and foresight might have guarded ;
but the jury should consider the whole evidence on both sides
in reaching a conclusion as to the fact of negligence."

No. 2.  " If the jury believe from the evidence that the
plaintiff hailed the street-car mentioned in the evidence for

the purpose of embarking thereon as a passenger, and that the said car was, in consequence thereof, arrested or stopped by a servant or servants of the defendant company, and that the plaintiff endeavored to get upon said car, then the plaintiff, in so endeavoring to get upon said car, was a passenger, under the care of the defendant company; and if the jury further believe from the evidence that the plaintiff was injured by the negligent starting of the car while he was in the act of getting thereon, in the exercise of such care as might reasonably be expected from a man of his age under the circumstances, then they should find for the plaintiff. But although the plaintiff may not have been free from negligence, yet if the servant or servants of the defendant company, by the exercise of proper care on their part, might have avoided the injury to the plaintiff, then the plaintiff is entitled to recover."

The defendant offered the following instructions:

No. 1. " The court instructs the jury that in order for the plaintiff to recover he must show that the personal injury received was the result of some act of negligence on the part of the railway company or its servants. The mere fact of an injury is not enough, without proof of negligence on the part of the defendant, and the burden of proof to establish such negligence is upon the plaintiff."

No. 2. " The court instructs the jury that if they believe from the evidence that Mr. Reynolds was an old man, and attempted to board the defendant's car, without invitation from the defendant or its agents, while it was in motion, very much crowded both inside and on the platform, and while he was encumbered with a cane and umbrella, and that after getting a footing on the car he let go his hold on the railing to catch at his hat, and fell, he was guilty of contributory negligence, and they must find for the defendant, un-

less they believe from the evidence that the defendant could have prevented the accident by due care on its part."

The court refused to give the instructions, as prayed by either plaintiff or defendant, and in lieu thereof gave the four instructions set out in the opinion of the court.

The other facts sufficiently appear in the opinion of the court.

*W. W. & B. T. Crump*, for the plaintiff in error.

*Cabell & Cabell*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by W. H. Reynolds against the Richmond and Manchester Railway Company, to recover damages for an injury alleged to have been received by him, in a fall, while attempting to get on the defendant company's car.

The first assignment of error is that the court below refused to admit the evidence of a witness introduced by the plaintiff to prove his character as a man of truth.

The chief ground for introducing this witness in support of the plaintiff's character for truth was that, in the cross-examination of the plaintiff, his character had been attacked. The record does not sustain this position. The object of the cross-examination was not to impeach the witness or to reflect upon him, but it was to show that the injury complained of had probably been sustained by the plaintiff before the time of the accident then being investigated. This examination brought out the fact that plaintiff had been cut in the face; had been shot in the hip, and had never found the ball; had at another time been shot in the arm, his nerves being so shattered that he could not pick up type; that at another time he had

been met in the woods by three men at night, knocked over
the head, robbed, and left senseless on the ground; that at
another time he had a log to roll over him at a house-raising,
and had been struck in the back by a door-knob.

In determining whether or not the injury resulted from the
street-car accident, it was proper for these facts to go to the
jury, especially as the witness had stated that he did not
know he was so badly hurt by the fall from the street-car,
until some time after it occurred.

The rule on this subject is stated by Judge Burks, in *George*
v. *Pilcher*, 28 Gratt. 299, to be as follows: "Whenever the
character of a witness for truth is attacked, either by direct
evidence of want of truth, or by cross-examination, or by
proof of contradictory statements in regard to the material
facts, or by disproving by other witnesses material facts stated
by him in his examination, or, in general, whenever his char-
acter for truth is impeached in any way known to the law,
the party calling him may sustain him by evidence of his gen-
eral reputation for truth."

Applying this liberal exposition of the doctrine touching
the introduction of such evidence to the case before us, we
think the plaintiff has failed to bring himself within its terms.
No attack was made on his character for truth. The court
had already decided that the plaintiff's character was not in
issue, and refused to allow defendant's counsel to ask him, or
any of his witnesses, questions tending to affect his character,
and had told the jury that they were not to consider any evi-
dence tending to reflect upon him.

The second assignment of error is to the action of the court
in refusing to give the instructions offered by the plaintiff,
and, instead, giving its own instructions. The following are
the instructions given:

"1. The court instructs the jury that a common carrier of
passengers is bound to use the utmost care and diligence for

the safety of passengers, and is liable for an injury to a pas-
senger occasioned by the slightest neglect against which hu-
man prudence and foresight might have guarded."

" 2. If the jury believe from the evidence that the plaintiff
hailed the street-car mentioned in the evidence, for the pur-
pose of embarking thereon as a passenger, and that the said
car was in consequence thereof arrested as if it was going to
stop, or stopped, by a servant or servants of the defendant
company, and that the plaintiff endeavored to get upon said
car, then the plaintiff, in so endeavoring to get upon said car,
was a passenger under the care of the defendant company ;
and if the jury further believe from the evidence that the
plaintiff was injured by the negligent starting of the car,
while he was in the act of getting thereon, in the exercise of
such care as might reasonably be expected from a man of his
age, under the circumstances, then they should find for the
plaintiff. But if the jury believe from the evidence that the
car slowed up in consequence of nearing a curve and down
grade, and not in response to any signal from the plaintiff,
then the plaintiff was not a passenger."

" 3. The court instructs the jury that if they believe from
the evidence that Mr. Reynolds was an old man, and
attempted to board the defendant's car, without invitation
from the defendant or its agents, while it was in motion, very
much crowded both inside and on the platform, and while he
was encumbered with a cane and umbrella, and that after
getting a footing on the car he let go his hold on the railing
to catch at his hat, and fell, he was guilty of contributory
negligence, and they must find for the defendant, unless they
believe from the evidence that the defendant could have pre-
vented the accident by due care on its part."

" 4. The court instructs the jury that, in order for the
plaintiff to recover, he must show that the personal injury
received was the result of some act of negligence on the part

of the railway company, or its servants.   The mere fact of an injury is not enough without proof of negligence on the part of the defendant, and the burden of proof to establish such negligence is upon the plaintiff.   But the jury should consider the whole evidence in the case on both sides in reaching a conclusion as to the fact of negligence."

It is unnecessary to prolong this opinion by discussing the several objections urged to these instructions by the plaintiff.   As a whole, taken in connection with the pleading and evidence, they fairly lay down the law governing the case, and it does not appear that the jury could have been misled, or that the plaintiff has been in any way injured by them.

The third assignment of error is that the court overruled plaintiff's motion to set the verdict aside and grant a new trial.

Three grounds were urged in support of this motion.   The first and third have been disposed of in connection with the assignments of error already considered.

The second ground stated for the new trial was that Howell E. Cobb, a member of the jury, was an employee of the defendant company, and did not disclose the fact when the jury was asked by the court if any of them held stock, were interested in, or were employees of the company.   The evidence abundantly shows that Howell E. Cobb was a competent juror, and that he was not an employee of the defendant company in any sense that rendered him incompetent.   He was a carpenter by trade and picked up little jobs by the day wherever he could.   At the time he was summoned he was working on a small job that he had been directed to do by the president of the company, and which would have been finished in a day or two.   He was never regarded as an employee, and his name had never been upon the company's pay-roll. He did not consider himself an employee of the company, and

thought his work ended when forced to give it up to serve on the jury.

" A new trial will not be granted on account of the disqualification of a juror for matter that is a principal cause of challenge, which existed before he was elected and sworn as such juror, but which was unknown to the party until after the trial, and which could not have been discovered by the exercise of ordinary diligence, unless it appears from the whole case made before the court on the motion for a new trial that the party suffered injustice from the fact that such juror served in the trial of the case." *Beck* v. *Thompson*, 31 W. Va. 459 ; *Simmons & Winch* v. *McConnell*, 86 Va. 494, 500 ; *Gray* v. *Commonwealth*, recently decided by this court, *post.*

It appears, in the case at bar, that the objection now made to this juror was known to the plaintiff before the case was submitted to the jury, and yet no question was raised as to his competency until after the verdict. It further appears that the plaintiff has suffered no injustice by the service of this juror ; on the contrary, that he has had a fair and impartial trial.

There is no error in the judgment of the court below, and it is affirmed.  .

*Affirmed.*