# CHARLESTON.

SIDNEY BURDETTE *v.* K. GOLDENBURG, *Doing Business Etc.*

Submitted September 21, 1920.   Decided September 28, 1920.

1. APPEAL AND ERROR—*Verdict for Damages on Conflicting Evidence Not Ordinarily Set Aside.*

    In an action for malicious prosecution the quantum of damages is a matter peculiarly within the province of the jury, and when the evidence of such damage is conflicting, their verdict is entitled to great weight, and ordinarily should not be set aside unless the amount found is so great or small as to evince passion, prejudice, partiality, corruption or some mistaken view of the law.   (p. 35).

2. NEW TRIAL—*Disqualification of Juror Not Ground Where it Could Have Been Discovered by Diligence.*

    In order to take advantage of the disqualification of a juror as ground of challenge after verdict, the challenger must show not only lack of knowledge of the disqualifica-

tion at the time of the examination of the jurors and before they are sworn for the trial, but that he could not have discovered its existence by the exercise of reasonable diligence. (p. 36).

3.   SAME—*Hostility as Disqualifying Juror Should Have Been Known Before Impaneling Jury.*

Where the ground of disqualification is the alleged hostility of a juror, due to plaintiff's failure to return certain property belonging to him, the cause of challenge is such that plaintiff should have known of or discovered it at or before the impaneling of the jury, since he is fully acquainted with the facts out of which such hospitility might arise. (p. 36).

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Wood County.

Action for malicious prosecution by Sidney Burdette against K. Goldenberg, doing business, etc.   Verdict for plaintiff for $50.00 was set aside on his motion, and defendant brings error.

*Reversed, and judgment for plaintiff.*

*Reese Blizzard, R. H. Piggott,* and *C. M. Hanna,* for plaintiff in error.

*William Beard,* for defendant in error.

LYNCH, JUDGE:

The verdict for fifty dollars in favor of the plaintiff in an action for malicious prosecution the trial court set aside on his motion and defendant prosecutes this writ.   The cause of action averred is the arrest of plaintiff and restraint placed upon his personal liberty by an executed warrant based upon a complaint by defendant charging the removal from Wood county to Rockland, Ohio, of certain household and kitchen furniture purchased of defendant, in part by plaintiff and his wife jointly, and in part by each of them alone, contrary to an express stipulation of a written contract signed only by her, without having paid the agreed price therefor.   Concededly the contract specified by name only the goods purchased when both plaintiff and his wife were present and jointly participating.   Subsequent purchases by each of them in the absence of the other were not specified therein and could not have been, because they were bought after she signed and delivered the contract

to defendant. Though literally it purported to be a rental of the property upon monthly payments, the parties referred to it upon the trial and apparently treated it as a sale conditioned that the title should not pass to the purchasers until the consideration therefor was paid. No other construction is possible in view of their subsequent action regarding it.

When brought before the justice by the officer who executed the writ, plaintiff confessed his guilt of the offense charged against him in the complaint and warrant. Although so confessing the facts alleged against him, there was a trial before the justice and a judicial ascertainment of plaintiff's guilt, as the docket of the justice plainly shows. This proof, having some semblance of documentary evidence, plaintiff himself introduced to be considered by the jury. Having produced and submitted it for consideration by them, he cannot now be heard to complain, and indeed does not complain, of its introduction. The object, of course, was to prove an adjudication upon the question of guilt by the justice and a discharge from the prosecution. The extent to which this object was accomplished appears from the docket itself, from which we quote: "All parties being ready for trial, proceeded to hear all the evidence offered in the case—after hearing arguments of counsel, doth find the defendant guilty. The judgment of the justice therefore is, that the defendant ————. Warrant withdrawn by complainant. Complainant K. Goldenberg and the defendant Sidney Burdette having entered into an agreement and the defendant to pay the costs —— the defendant paid the costs, the case dismissed and defendant discharged."

As disclosed by the parties themselves without a substantial discordant note, the agreement reached by them before sentence was pronounced was that the goods purchased from Goldenberg were to be returned to him, and they were so returned, or at least the greater portion of them, on the same day.

Conceding the warrant to be void, as apparently it was, because it did not charge a criminal offense within the jurisdiction of the justice, wherefore the confession of the accused did not bind him, (*State* v. *Savage,* decided September 21), yet his restoration of the goods purchased and their redelivery

to defendant in this action operated impliedly at least as a confession of wrongdoing on plaintiff's part. With this evidence before them clearly revealing an intention to avoid, if possible, the payment of a debt probably contracted in good faith, the jury may have thought fifty dollars damages was ample compensation for the injury inflicted upon plaintiff as a result of the arrest. That it was amply sufficient was for them to determine, and they have determined it under the forms prescribed by law for that purpose.

But this court cannot, it is argued, reverse, or rather ought not reverse, the judgment of the trial court, because the trial judge saw and heard the witnesses and knew their ancestry and proclivities, wherefore he occupied a position that enabled him the better to judge and weigh their testimony; and also because "a motion for a new trial is always addressed to the sound discretion of the court, and it takes a stronger case in an appellate court to reverse an order granting than one refusing a new trial." Both of these propositions are asserted frequently by law writers and courts. Deference is always due to the personal judgment of a trial judge—freely given in this instance; but, although we may not know the witnesses or their environments, nothing found so far in our examination of the case appears in the facts proved and unquestioned to warrant a new trial of the case, in our opinion, unless other assignments have a more controlling effect.

One of these briefly stated is, that if the jury, in reaching a conclusion, disregard certain controlling facts and circumstances admitted or proved and not denied, though there may be conflict in the testimony, their verdict cannot be permitted to stand. Admitting this statement to be true, though somewhat ambiguous, the contrary proposition is equally true and equally well founded in law. However, we look in vain for the facts and circumstances that have such controlling potency or conclusive effect in plaintiff's favor and counsel do not aid in disclosing them. There seems but little, if any, conflict in the testimony touching any phase of the case except as to the amount of the balance due on the goods purchased, and this discrepancy is occasioned, not so much by the difference as to

the balance due, but whether the money paid was sufficient to discharge the liability for the property described in the so-called rental agreement, though admittedly the payments did not cover the indebtedness on goods not so described. The materialty of this variance is not obvious. Considered in the light of the whole proof it does not show malice or otherwise affect the real issue between the parties, at least not substantially, in our opinion. It has little if any weight upon any element essential to recovery in an action for malicious prosecution. Where the evidence is conflicting as to the amount of damage caused by the arrest, if unlawful, and the prosecution of the action, the verdict of the jury based thereon is entitled to peculiar weight and ordinarily should not be set aside unless the amount found is so great or small as to evince passion, prejudice, partiality, corruption or some mistaken view of the law. *Given* v. *Diamond Shoe & Garment Co.,* 84 W. Va. 630, 101 S. E. 153.

*Wadkins* v. *Digman,* 82 W. Va. 623, point 3 of the syllabus, does define "legal malice," as applied in such actions, as "any sinister or improper motive other than a desire to punish the party who is alleged to have committed the offense." A similar definition is given in *McNair* v. *Erwin,* 84 W. Va. 250, 99 S. E. 454. But these cases go only to the question of liability in malicious prosecution actions, not to the amount of damages the jury shall render. The same observation applies with equal force to the testimony, which, as plaintiff contends, is sufficient to show malice in procuring the arrest, in that the sole motive therefor was to compel the return of the property, not punishment for the offense charged. That motive the jury must have had in mind in the assessment of damages, a matter wholly within their discretion, if properly exercised.

Lastly, the award of a new trial is sought to be justified by an attempt made after the jury returned its verdict to impeach Gandee, a member of the jury, who qualified upon his *voir dire* as being without prejudice against or bias in favor of either party to the action, but who two affidavits tended to show was hostile to plaintiff. The difficulty relied on by way of impeachment was the failure to return an automobile horn of trifling

value delivered by the juror to plaintiff for repairs, but never returned by him. A counter affidavit filed by Gandee denied any feeling of hostility that would or did prejudice his vote upon the quantum of damages, and stated that the conclusion reached by him was based solely upon the law and the evidence presented to the jury. These affidavits the court properly rejected as incompetent to be read upon a motion to set aside the verdict, and based the award of a new trial solely upon the ground that the verdict was contrary to the law and evidence.

The hostility and prejudice of Gandee towards plaintiff, if any existed, was such ground of challenge as plaintiff might have known of at the time of impaneling the jury, since he was fully acquainted with the facts of the incident out of which such hostility might arise. Evidently plaintiff did recall the "horn" incident. He says so, but relied altogether upon answers to questions asked by the court upon the *voir dire,* and he, the court and counsel were satisfied with the responses so made. If any doubt remained in the mind of plaintiff, he failed to exercise the right of peremptory challenge by striking the juror's name from the list prepared for the purpose and cannot now complain.

It has repeatedly been held by this court that, in order to take advantage of the disqualification of a juror as ground of challenge after verdict, the challenger must show lack of knowledge of the disqualification upon the examination of the jurors and before they are sworn for the trial. He must show even that by the use of reasonable diligence he could not have discovered the existence of the disqualification. Failure to exercise such diligence is deemed equivalent to a waiver of the cause of challenge. *Wagoner* v. *Tager,* 49 W. Va. 61; *Garrett* v. *Patton,* 81 W. Va. 771. And if the disqualification did in fact exist without his knowledge, and was of such character that ordinary diligence would not have led to its discovery, he must nevertheless show affirmatively, by evidence submitted upon the hearing of the motion, that he suffered injustice by reason of the presence of the juror as one of the triers of the facts in issue. *State* v. *Greer,* 22 W. Va. 820; *Beck* v. *Thompson,* 31 W. Va. 459; *Garrett* v. *Patton,* cited.

Assuming the disqualification to exist, though Gandee denies any hostility towards plaintiff, it was such a cause of challenge as plaintiff and his counsel should have known of or discovered at or before the impaneling of the jury, and if not enforced as a principal cause of challenge, there remained the peremptory challenge as a sure means for his removal.

We are therefore of opinion to reverse the judgment, reinstate the verdict, and enter judgment upon it in plaintiff's favor.

*Reversed, and judgment for plaintiff.*