# CHARLESTON.

CURTIS T. MALONE *v.* MONONGAHELA VALLEY TRACTION COMPANY

(No. 6054)

Submitted January 15, 1928.   Decided January 24, 1928.

1. TRIAL—*If There is Substantial Evidence on Either of Two Theories on Which Damages Are Sought, Defendant is Not Entitled to Peremptory Instruction.*

    If there be substantial evidence on either of two theories on which damages are sought, defendant is not entitled to a

peremptory instruction in his favor; plaintiff is entitled to the verdict of the jury thereon.   (p. 62.)

(Trial, 38 Cyc. p. 1578.)

2.  CARRIERS—*Street Railway Conductor Should Use Care Not to Start Car While Passengers or Licensees Whose Presence Should be Known Are Getting on and Off; Street Railroad is Liable for Injuries Inflicted by Conductor's Negligence in Starting Car While Persons Are Getting on or Off; on Conflicting Evidence, Whether Street Car Conductor Started Car While Person Was Getting on or Off is Jury Question; in Husband's Action Against Street Railroad for Injuries to Wife, Evidence of Conductor's Negligence in Starting Car When Wife Was Getting Off Held to Present Jury Question.*

It is the duty of a street railway conductor when stopping to take on passengers to use due care not to put the car in motion while persons are getting on or off the car, whether they be passengers, or be mere licensees, and whose presence is known or by the exercise of due care should have been known; and the railway company is liable for injuries inflicted by his negligence in failing to use such due care; and whether he has done so is a question of fact for the jury when there is conflict in the evidence.   (p. 62.)

(Carriers, 10 C. J. §§ 1365, 1462.)

3.  NEW TRIAL—*Burden is on Party, Asking New Trial for Juror's Incompetency, Constituting Good Ground for Challenge Before Trial, to Show Prejudice.*

Where the motion for a new trial is based on the incompetency of a juror and for cause which would have constituted good ground for his challenge before trial, the burden is upon the complaining party to show that he has been prejudiced by the presence of such juror on the jury.   (p. 68.)

(New Trial, 29 Cyc. p. 1008.)

(NOTE:  Parenthetical references by · Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Suit by Curtis T. Malone against the Monongahela Valley Traction Company.  Judgment for plaintiff, and defendant brings error.

*Ernest R. Bell, James A. Meredith, Henry S. Lively,* for plaintiff in error.

*Shaw & Shaw,* for defendant in error.

*Affirmed.*

MILLER, PRESIDENT:

The plaintiff, husband of Wanda Malone, brought this suit to recover damages for alleged loss of "comfort, benefit, and society, services and assistance" resulting from alleged personal injuries sustained by her from the alleged negligence of defendant in causing her to be thrown from one of its cars when alighting therefrom at or near Main Street and Cleveland Avenue in the City of Fairmont, on February 1, 1922, and for which personal injuries she sued and obtained a verdict and judgment in the circuit court on November 8, 1926, for $4,500.00, subsequently reversed here for errors committed in the trial on November 1, 1927. 104 W. Va. 417, 140 S. E. 340.

The present case is founded upon the facts in the former case, and the resulting injuries of which she complained.

The plea of defendant was the general plea of not guilty with specification of defenses demanded by plaintiff: First, that the said Wanda Malone at and immediately before her accident was a mere licensee upon said street car and was neither a passenger by invitation nor for hire, and was there without the knowledge of the defendant or of any of its servants, agents or employees in charge of the operation of said car; that while in the act of alighting therefrom, and after said car was in motion the said Wanda Malone stepped off said car and fell backwards on the pavement by reason of having attempted to alight therefrom in a direction opposite to that in which said car was slowly moving, and whereby alone she incurred the accident, and the defendant was guilty of no act of negligence causing the alleged injuries of which plaintiff complains.

Second, that the fall which the said Wanda Malone so sustained did not result in loss of comfort, benefit, etc., of the said Wanda, of which plaintiff complains in this action, from February 1, 1922, to the date of the institution of this suit, nor for the twenty-five weeks immediately following the date of said accident, nor for the partial loss of said services for one hundred weeks next after the expiration of said twenty-five weeks, nor for the alleged loss of such services for alleged

permanent injuries; nor was it guilty of any negligence re-
sulting in any injuries for which doctor bills and other services
were properly incurred.

On the trial of this case, as on the trial of Wanda Malone's
case, the principal issue was whether there was any evidence,
or such preponderating evidence, as justified the submission
of the case to the jury on the fact of negligence, and the denial
of defendant's proposed peremptory instruction to find for it,
one of the errors here complained of.

On the fact of negligence the witnesses and the testimony
were nearly the same as on the trial of Mrs. Malone's case.
One witness for the plaintiff, Virginia Moon, the maid who
accompanied Mrs. Malone to or upon the car that is alleged
to have injured her, was not called as a witness on the trial
of this case, nor so far as we can find in the record was her
absence accounted for. On the other trial her evidence was
substantially the same as that of Mrs. Malone and fully sup-
ported her as to the facts and circumstances of the accident.
The defendant in accordance with its bill of particulars, as
in the trial of the former case, sought to establish by its proof
that when Mrs. Malone accompanied by her maid first came
to the car, the maid got up on the steps on the left hand side
of the rear platform where Brookover, the conductor, was
standing, and that Mrs. Malone handed to the maid her young
child, who took it in her arms and went inside the car, and
when Mrs. Malone advised the conductor that she did not
intend to become a passenger then and requested Brookover
to look after the maid and child and put them off at the
particular street nearest her home, he promised her he would;
that she then left the car and proceeded back up Cleveland
Avenue towards Main Street, and that Brookover immediately
turned his attention to the passengers boarding the car on the
right or opposite side of the car, helping them on, and that
while so engaged Mrs. Malone, forgetting whether she had
provided the maid with car fare and given her the key to
her door, suddenly returned to the car, and unobserved
boarded and entered it, calling in to the maid from the door,
and then likewise left, and after the car was put in motion

got down on the step of the platform and stepped off backwards with the result indicated, and thereby negligently contributing to her injuries. Which of these versions of the occurrence be the correct one, we cannot say from the evidence. The conductor of the car is corroborated by the motorman of the car immediately following him and by two or three witnesses, ladies to whom they say Mrs. Malone described the accident the following day, and by one or two other witnesses present. Defendant's counsel say that the evidence of these witnesses is so preponderating that the court should have so instructed the jury and directed a verdict for defendant. But the plaintiff's case does not wholly depend on whether Mrs. Malone entered the car in the first place as she contends or subsequently returned as defendant claims. If the latter, the defendant owed her the duty not to negligently or wantonly injure her. One of plaintiff's witnesses, Miss Mary B. Powell, passenger on the car, and boarding it from the right hand side, assisted by the conductor, describing the occurrences, said that Mrs. Malone was then on the platform and at the door talking to the maid loud enough to be heard by them, and by the conductor, about car fare or the key. Mrs. May Hull, a witness for defendant, and a passenger on the car, as she went in or after she got on the car saw a woman on the platform and on the car when it started. Could not the jury find from this and other evidence in the case, and from the circumstances of the accident, that Mrs. Malone was on the platform or steps in a position of danger when she was observed, or should have been observed by the conductor, before he signaled the motorman to go ahead, whether she got to that position on the first or second visit to the car? He was on the rear platform and had taken on passengers from both sides. The side or vestibule doors seem to have both been open, and so long as open there remained the invitation to passengers to get on, and to others to leave it. Wanton and wilful negligence imposing liability does not necessarily imply malice, but imputes to the wrongdoer reckless disregard of persons or property of another by failing after discovering the peril to prevent the injury. *Keystone Mfg. Co.* v. *Walker D. Hines*, 85 W. Va. 405, 414. 3 Elliott on

Railroads (3rd Ed.) §1789, §1794.  2 Thomp. on Negligence, §1724.  The instructions of the plaintiff to the jury No. 1A, No. 2A, and No. 3A rather elaborately cover both these theories of liability and consistently with the principles laid down in the authorities cited, and properly instructed the jury on the liability of the defendant in this case.  On the evidence in the case we think the jury were warranted in concluding that the defendant was negligent in not observing Mrs. Malone and in putting the car in motion while she was in a place of danger, and without timely warning.

On the question whether Mrs. Malone was in a position of danger on the car or the platform thereof where she was and should have been observed by the conductor when he signaled the motorman to put it in motion, we think there is no doubt from the evidence.  At all events the evidence of the plaintiff on that fact so largely preponderates over that of the defendant that the jury were perfectly justified on plaintiff's instructions Nos. 4, 5 and 6, properly instructing them, in finding for plaintiff on that question.

But assuming that defendant was or may have been negligent in either of the two ways on which liability was predicated, is plaintiff entitled to recover against defendant for the "losses of comfort, benefit, society, service and assistance" thereby incurred as alleged?  The bill of particulars filed with his declaration evinces a very broad and ambitious plan for recovery, as follows:  For the loss of comfort, benefit, aid, society, services and assistance of his wife in and about his domestic affairs from February 1, 1922, the date of the accident, to the date of the suit, December 22, 1922, he demands $5,000.00.  For same for 25 weeks immediately following the........day of February, 1922, at $25.00 per week, $725.00; For partial loss of service of said wife 100 weeks at $15.00 per week next after the expiration of said 25 weeks, $1,500.00; For future services on account of permanent injuries sustained by said Wanda Malone, $2,500.00; For doctor's bill incurred to Dr. Criss, $100.00; For undertaker's bill for burial of the still born child, $32.50; For amount paid hired girl rendered necessary by injuries inflicted on

wife, 20 weeks at $7.00 per week, $140.00; For two days' work lost on account of said injuries at $7.50, $15.00; Total, $10,012.50. The verdict of the jury on which the judgment presently complained of is founded was the sum of $797.60.

The specification of defenses while not specifically referring to the domestic infelicities between plaintiff and his wife, their estrangement and subsequent divorce and separation as the causes of plaintiff's alleged losses, and not the personal injuries sustained by the accident, we think sufficiently cover the subject so as to give notice of that defense so vigorously urged and relied on as a complete defense to plaintiff's action. There is much evidence of plaintiff and his wife, and the wife's mother and father, tending to show the effect of the injuries on Mrs. Malone and the impairment of her health and strength as the cause of her alleged inability to perform her duties as wife and housekeeper. There is little room for doubt we think, considering the evidence of the doctors examined and others, that the fall from defendant's car resulted in the death of the unborn child, and its premature birth, perhaps, so that but for the subsequent evidence of plaintiff in the divorce case now to be considered, the court was justified in the submission of the case to the jury on the question of damages presented. On the trial of the divorce case of plaintiff against his wife, he admitted on cross-examination that he had testified substantially that Mrs. Malone appeared not to have suffered any substantial injuries from the accident incurred on defendant's street car in February, 1922; that grounds of divorce began prior to that time in her neglect and refusal to perform her duties as wife and housekeeper; that instead of discharging properly these duties she gave too much of her time before and after the accident occurred to attending dances and expending her time and energies therein, and in absenting herself from home and neglecting her household duties, and also in going away once to Wheeling in company with another man, and on the evidence of such neglect of duty and improper conduct he finally obtained a divorce from bed and board in the suit referred to. The introduction of this evidence of plaintiff in the divorce

case was resisted, but we think it was properly admitted.  It amounted to a substantial contradiction of plaintiff's evidence in the present case on the question of the causes of most of his alleged losses.  And there is no doubt it was very potent with the jury in limiting all recovery to the time between the date of the accident, February 1, 1922, and July 17, 1923, the date Mrs. Malone deserted plaintiff, about seventy-five weeks, not at the rate of $25.00 per week as claimed by him, but at the rate of about $10.00 per week, with the added expenses of doctor bills, and that the jury gave due consideration to the defendant's instruction on the subject.  In disposing of the question pertaining to the verdict and the evidence bearing thereon, we cannot wholly ignore the evidence of the plaintiff in explanation of his evidence in the divorce case, so far at least as it pertained to his wife's health and ability to do her work, that it was based largely on her appearances and her propensities for dancing, etc., as to which he had become better informed since he gave his evidence in the divorce case.  And we cannot wholly ignore the evidence of other witnesses, particularly that of Mrs. Malone's mother and father, and the evidence of the doctors, pertaining to the facts of her disabilities.  The evidence shows that Mr. and Mrs. Malone have since the divorce decree, January 31, 1924, become reconciled, without any order of the court permitting it, resumed marital relations, had another child born to them, which relationship so re-established has, so far as the record shows, continued ever since.

The defendant requested, and the court gave, some twenty-five instructions to the jury covering every phase of counsel's theories as to what the evidence showed, and on the law of the case, and to which the jury evidently gave proper consideration, and on which they evidently eliminated all elements of damages for the loss of services of the wife between February 1, 1922, and the date of separation, July 17, 1923. Upon consideration of the whole record and the numerous assignments of error, we are unable to say that the jury were not justified in the verdict rendered, or that there is any error in the judgment justifying reversal thereof, and therefore

are of opinion to affirm it, so far as the questions considered
are concerned.

One other question remains to be considered.  One of the
grounds' of the motion for a new trial was that jurors Mc-
Kinney and Hank Satterfield were incompetent to act as such,
the former because of prejudice and bias against defendant,
and Satterfield because of his double relationship to the plain-
tiff, all unknown to defendant until after the trial.  As to
juror McKinney, we do not think the evidence shows bias or
prejudice against the defendant.  One affidavit, that of Glen
Parrish, one of the jurors, says that as McKinney was going
into the jury box he remarked that he did not see why they
left him on the jury, as they knew he was against the traction
company, and would go against it, or words to that effect,
and that immediately after the jury retired to consider their
verdict, McKinney showed marked hostility against defendant
and urged that a verdict be returned for an amount in excess
of the amount asked for.  McKinney himself in a counter
affidavit, flatly denied that he had any such prejudice or bias,
or that he had made the remarks attributed to him by Parrish,
and two other jurors.  And other jurors swore that McKinney
showed no such prejudice or bias in the deliberations of the
jury, and that he at one time proposed to return a verdict as
low as one dollar.  While McKinney admits that when first
going into the jury room he proposed a verdict of $3,000.00,
but that after his attention was called to the instructions and
at his instance the jury had returned into court to be advised
about the instruction he changed his mind, and at one time
when it looked as if the jury were not going to reach a verdict
at all, he proposed a verdict as low as $1.00, and at another
time of $300.00.  McKinney is corroborated on this subject
by the affidavits of four other jurors.  The burden is upon
the complaining party to show bias and prejudice.  As to
juror Satterfield, he swore that he did not in fact know that
he was in any way or degree related to either of the parties,
and Hawkins, Mrs. Malone's father, did not know that Satter-
field was in any way related to him or his family until it was
discovered after the trial, and that during the deliberations

of the jury he, Satterfield, says he voted for a verdict as low as $300.00. To set aside a verdict for any such alleged disqualifications of members of the jury, the burden is upon the complaining party to show that he has been prejudiced thereby. *State* v. *Harris,* 69 W. V'a. 244. Rule explained in *Beck* v. *Thompson,* 31 W. Va. 459, and the other West Virginia cases cited in connection with *State* v. *Harris,* reported in 50 L. R. A. (N. S.) 933, note p. 944.

The judgment will be affirmed.

*Affirmed.*