EDWARD WATKINS

*v.*

THE BALTIMORE AND OHIO RAILROAD COMPANY, *et al.*

(No. 9906)

Submitted May 6, 1947. Decided June 10, 1947.

*F. E. Parrack* and *Charles V. Wehner*, for plaintiff in error.

*J. V. Gibson* and *Milford L. Gibson*, for defendant in error.

LOVINS, JUDGE:

Claiming damages for personal injuries and partial destruction of his automobile, Edward Watkins instituted this action in the Circuit Court of Preston County against The Baltimore and Ohio Railroad Company and The Morgantown and Kingwood Railroad Company, corporations.

The declaration contains two counts. The first count charges that defendants were primarily negligent in that they operated their locomotive at a dangerous and high rate of speed over the crossing where the accident occurred; that they failed to keep a lookout for persons using said crossing; that they failed to equip their locomotive with a light so as to illuminate the track in front of the locomotive; and that they failed to equip their locomotive with a steam whistle or bell, or, if so equipped, they failed to blow such whistle or ring such bell, when approaching within sixty rods of the crossing. The second count is in part a duplicate of the first count, except that it charges that defendant, The Baltimore and Ohio Railroad Company, negligently, recklessly and maliciously wounded plaintiff.

Defendants entered a plea of not guilty, and upon that issue, after hearing all the evidence for plaintiff and defendants, the jury found a verdict for defendants.

The verdict was returned on June 25, 1946, and a motion was immediately made by plaintiff to set aside the verdict.

On July 26, plaintiff, in support of his motion to set aside the verdict, made his affidavit in which it is stated that since the date of said trial and verdict, he had been informed and believed, that Clarence Elsey, a member of the jury which heard the case and returned the verdict, was, at the time of the trial, as well as prior to and after the same, in the employ of The Baltimore and Ohio Railroad Company. No other proof was offered in support of the motion to set aside the verdict. On August 5, the court filed the affidavit, set aside the verdict and granted plaintiff a new trial. This Court granted a writ of error to that judgment.

This litigation grows out of a collision between the automobile of plaintiff and a locomotive operated by defendant, The Baltimore and Ohio Railroad Company, at a public crossing located at or near Reedsville. The collision occurred on or about March 4, 1945, at approximately nine o'clock at night while plaintiff was travelling in his automobile from Reedsville to Arthurdale, where he resided. He approached the crossing through a "double S" curve, which ended at a point about three hundred feet from the railroad tracks. From that point the road was straight and unobstructed.

Plaintiff testified that he saw no train on the crossing, but did see two automobiles pass over the crossing ahead of him. In attempting to use the crossing, he collided with the front part of the locomotive, at or near the "pony trucks" of the locomotive, resulting in personal injuries to himself and almost complete demolition of his automobile. He was confined to his bed for two weeks on account of said injuries; was partially disabled for an additional two weeks; and was required to incur medical expenses in the sum of twenty-five dollars.

There is no testimony with reference to the excessive speed of the locomotive, nor the alleged failure of defendants to maintain a lookout. On the contrary, all of the testimony indicates that the locomotive was almost at a standstill when the collision took place, and the affirma-

tive evidence is to the effect that the persons operating the locomotive kept a lookout.

The locomotive was equipped with headlights which were operated by means of a button in the locomotive cab. When moving forward, the headlight shone ahead, and, when moving to the rear, the headlight on the rear of the tender was employed to illuminate the tracks in that direction. Classification or marker lights were installed on the front of the locomotive, and were operated by a button on the front part of the locomotive outside the cab. All lights could be turned off from the engineer's cab. The locomotive was also equipped with a bell and whistle.

Plaintiff and his witnesses testified that no lights were burning on the front of the locomotive at the time of the collision, and that they did not hear the whistle blow nor the bell ring. Some of the witnesses, especially the engineer and fireman employed on the locomotive, testified that the forward headlight and classification lights were burning; that the bell was rung and the whistle blown one thousand feet away from the crossing, and again just before the locomotive moved over the crossing. There is considerable testimony to the effect that it was a foggy night, and other testimony to the effect that there was no fog at the scene of the collision.

Plaintiff testified that he had used the road frequently and was familiar with it; that he was "coasting" down a hill just before the collision occurred; and that his engine was "idling" just before the accident. Upon these facts the jury found a verdict for defendants as above stated.

It is to be observed that there is no evidence in the record connecting The Morgantown and Kingwood Railroad Company in any way with this accident, and, although there was an appearance for both defendants, we do not perceive any grounds of liability as to The Morgantown and Kingwood Railroad Company.

Defendants assign as error: (1) that the affidavit in support of the motion to set aside the verdict is insufficient, and that the motion should have been overruled on the showing made; and (2) that the peremptory instruction tendered by defendants and refused by the court should have been given.

Before discussing the first point of error assigned, we pause to state that there are clear distinctions between the disqualification of a juror as a ground for a motion to set aside a verdict, and a juror's misconduct during the trial as ground for a similar motion. These distinctions will appear hereinafter and will be discussed as fully as the case at bar warrants.

The general rule is that misconduct of a juror during the trial, prejudicial to the complaining party, is sufficient reason for the trial court to direct a mistrial, or to set aside the verdict of the jury of which the offending juror is a member. Upon a clear and satisfactory showing of such misconduct, induced or participated in by an interested party, prejudice is presumed, and, unless rebutted by proof, the verdict will be set aside. *Legg* v. *Jones*, 126 W. Va. 757, 763, 30 S. E. 2d 76; *Flesher* v. *Hale*, 22 W. Va. 44. See *Pickens* v. *Boom Company*, 58 W. Va. 11, 18, 50 S. E. 872; *Mullens* v. *Lilly*, 123 W. Va. 182, 13 S. E. 2d 634. Nothing appears in this record justifying a charge of misconduct against the juror Elsey.

But where, as here, the motion to set aside the verdict and grant a new trial is based upon the disqualification or incompetency of a juror, the burden is upon the party attacking the verdict to show: (1) that the juror was, in fact, disqualified or incompetent to serve as a juror in the trial of the case; (2) that the party so moving to set aside the verdict exercised due diligence in an effort to ascertain the disqualification or incompetency of the juror prior to the impanelling of the jury or the return of its verdict; and (3) that he was prejudiced or suffered an injustice by the fact that the disqualified or incompetent juror served on the jury. *Wagoner* v. *Iaeger*, 49 W. Va.

61, 38 S. E. 528; *Garrett* v. *Patton,* 81 W. Va. 771, 778, 95 S. E. 437; *Burdette* v. *Goldenburg,* 87 W. Va. 32, 104 S. E. 270; *Malone* v. *Traction Co.,* 105 W. Va. 60, 141 S. E. 440. See *Sweeney* v. *Baker, et al.,* 13 W. Va. 158, 227; *Beck* v. *Thompson,* 31 W. Va. 459, 7 S. E. 447. The same rule is applicable to criminal cases. See *State* v. *McDonald,* 9 W. Va. 456, 464; *State* v. *Hobbs,* 37 W. Va. 812, 826, 17 S. E. 380; *State* v. *Porter,* 98 W. Va. 390, 398, 127 S. E. 386; *State* v. *Preece,* 116 W. Va. 176, 179 S. E. 524; *State* v. *Jones,* 128 W. Va. 496, 37 S. E. 2d 103.

All male persons over the age of twenty-one and under the age of sixty-five, who are citizens of the State, are liable to service as jurors. Code, 52-1-1. The statutory qualification of jurors, as contrasted with the disqualifications to be hereinafter discussed, are such persons as the jury commissioners "* * * shall think well qualified to serve as jurors, being persons of sound judgment, of good moral character, and free from legal exception * * *." Chapter 80, Acts of the Legislature, Regular Session, 1945.

Persons engaged in certain professions and callings, enumerated in Chapter 79, Acts of the Legislature, Regular Session, 1945, are exempt, but not disqualified, from service as jurors. By the same act, idiots, lunatics, paupers, vagabonds, habitual drunkards, and persons convicted of infamous crimes are disqualified from serving on a jury. Persons convicted of perjury, subornation of perjury, or false swearing are "forever incapable" of serving as jurors. Code, 61-5-3. A disqualification to serve as a juror on the trial of a lynching case is imposed upon certain persons by Code, 61-6-12. A person having a matter of fact to be tried by a jury is disqualified from serving as a juror during the same term at which such fact shall have been, or is expected to be, tried. Code, 56-6-14. A person who has actually served as a juror in a court of record, or who shall have, either in person or by agent, requested the jury commissioners to have his name placed on the jury list, is likewise disqualified from serving

as a juror for a period of two years from the date of such service, or from the date of making such request. Chapter 80, Acts of the Legislature, Regular Session, 1945. Code, 52-1-18, provides that in suits wherein a municipality is interested, citizens and taxpayers of that municipality may be excluded from jury service by following the procedure therein outlined.

The statutes cited above do not remove the principal causes of challenges, *prima facie* disqualifying jurors either party within the ninth degree; (2) was arbitrator either party within the ninth degree; (2) was arbitrator on either side; (3) that he has an interest in the cause; (4) that there is an action pending between him and the party; (5) that he has taken money for his verdict; (6) that he was formerly a juror in the same case; (7) that he is the party's master, servant, counsellor, steward, or attorney, or of the same society or corporation with him; and causes of the same class or founded upon the same reason should be included." *State* v. *Dushman*, 79 W. Va. 747, 749, 91 S. E. 809; *Crawford* v. *United States*, 212 U. S. 183, 29 S. Ct. 260, 53 L. ed. 465. The alleged disqualification of juror Elsey is not grounded on statutory provisions, but if he was an employee of The Baltimore and Ohio Railroad Company, he was *prima facie* disqualified under common law. *State* v. *Dushman, supra.*

The affidavit filed by plaintiff in support of his motion to set aside the verdict is subject to criticism in that the crucial statement with reference to juror Elsey being an employee of a defendant, was made upon information and belief of the affiant. Such charge should be made upon facts, and not upon conclusions drawn from information, which may or may not be correct. Who gave affiant the information? What information had he received? Upon what facts does he base his statement? A similar affidavit was discussed and criticized in the case of *Sweeney* v. *Baker*, 13 W. Va. 158, 227. We think that the affidavit herein had little, if any, probative value in this respect.

Nor does the affidavit attempt to show that plaintiff had

used due diligence to ascertain the alleged disqualification prior to the time the jury was sworn or the verdict returned. The decided cases on this question contemplate an affirmative showing of due diligence. See *Beck* v. *Thompson, supra; Wagoner* v. *Iaeger, supra; Burdette* v. *Goldenburg, supra.*

But even if the above criticism of the affidavit be disregarded, it is wholly deficient and fatally defective in that it does not show that prejudice resulted to plaintiff from the fact that Elsey was a member of the jury which heard the evidence and returned the verdict. The cases cited above dealing with disqualification of a juror as a ground for setting aside a verdict hold that there must be an affirmative showing of prejudice resulting from the fact that the disqualified juror participated in finding and returning the verdict.

Plaintiff argues that the mere fact that the verdict was in favor of defendants constitutes a showing of such prejudice. Similarly, it might be argued that any litigant receiving a verdict adverse to him is prejudiced thereby. Such argument is fallacious. All verdicts of necessity must be adverse to one or more of the litigants, but such fact cannot and does not imply legal prejudice.

The applicable principle with reference to the showing of prejudice on motion to set aside a verdict on the ground of the disqualification of a juror has been aptly stated as follows:

> "The rule as laid down in these cases is as to civil cases as well as in criminal cases, that a new trial will not be granted for matter that is a principal cause of challenge, which existed before the juror was elected and sworn but which was unknown to the party until after the trial, and which could not have been discovered by the exercise of ordinary diligence, unless it appears from the whole case that the party suffered injustice from the fact that such juror served upon the case. And the meaning of the words, 'unless it appears from the whole case that the party suffered injustice from the fact that such juror served upon

the case,' is, unless it appears from the whole case, as shown by the evidence submitted to the court on a motion for a new trial, (and not from the evidence before the jury,) that the party suffered injustice from the fact that such juror served upon the case."

*Beck* v. *Thompson,* 31 W. Va. 459, 463, 7 S. E. 447. See *State* v. *Greer,* 22 W. Va. 800; *State* v. *Hobbs, supra.*

Consequently, we do not look to the record made on the trial before the jury for support of the motion to set aside the verdict on the ground that there was a disqualified juror, but look to the affidavit which is the only proof offered in support of that motion. We look in vain, and find nothing showing that plaintiff was prejudiced, or that he suffered an injustice.

We have stated the facts in this opinion for the purpose of showing that the verdict returned by the jury was sustained by the evidence. On insufficient proof in support thereof, the trial court sustained the motion to set aside the verdict. Having thus deprived defendants of a verdict properly returned, we hold that the defendants are entitled to have the verdict reinstated by this Court, which is accordingly done.

It is unnecessary to discuss the assignment of error with reference to the refusal of the trial court to give the peremptory instruction tendered by defendants; nor do we think we should discuss the merits of the case other than as indicated above. The defendants, having obtained a verdict in their favor, which is reinstated, have suffered no prejudice from the failure of the trial court to give the peremptory instruction tendered by them, if the giving of such instruction was warranted.

For the foregoing reasons we reverse the judgment of the Circuit Court of Preston County, reinstate the verdict and render judgment thereon in this court for defendants.

*Reversed and rendered.*

KENNA, JUDGE, concurring:

I agree with what is said in the Court's opinion concerning the insufficiency of the plaintiff's affidavit as a reason for setting aside the verdict. In my opinion, an objection based upon mere disqualification of a juror, as distinguished from misconduct, is waived after verdict, regardless of diligence. In this particular instance apparently neither the court nor the attorney for the plaintiff on voir dire asked the panel whether any of its members were employed by the defendant, Baltimore & Ohio Railroad Company. That being a common law disqualification, the failure to inquire constituted a lack of diligence. But without regard to that, under our cases after verdict, disqualification is waived. In *Ohio River R. Co. v. Blake,* 38 W. Va. 718, 18 S. E. 957, the fourth syllabus reads as follows: "An objection to a juror for want of qualification comes too late after verdict." This holding was expressly approved in *State Road Commission v. Young,* 100 W. Va. 394, 130 S. E. 478. Some West Virginia cases, as *State v. Cooper,* 74 W. Va. 472, 82 S. E. 358, are cases in which the disqualification was known before verdict and so state the rule, the first syllabus in *State v. Hayes,* 109 W. Va. 296, 153 S. E. 496, reading as follows: "Exceptions to a juror, because of alleged prejudice against defendant as shown by his voir dire, come too late after verdict." However, none of our cases conflict with or overrule the *Young* nor the *Blake* case and I am of opinion that the rule therein laid down should be applied here.