743 S.E.2d 309

**Albert POSTLEWAIT, Jr., Plaintiff Below, Petitioner,**

v.

**CITY OF WHEELING, Defendant Below, Respondent.**

No. 11–0206.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 2012.

Decided Jan. 19, 2012.

**2**

Ronald Wm. Kasserman, Esq., Kasserman Law Offices, PLLC, Wheeling, WV, Attorney for Petitioner.

Barbara G. Arnold, Esq., MacCorkle Lavender & Sweeney, PLLC, Charleston, WV, Attorney for Respondent.

KETCHUM, Chief Justice:

In this appeal from the Circuit Court of Ohio County, we are asked to examine an order granting a defendant's motion for a new trial. We affirm the circuit court's order.

## I.

### Facts and Background

Plaintiff Albert Postlewait, Jr., filed an age-discrimination lawsuit against the City of Wheeling ("the City") under the West Virginia Human Rights Act.[1] In 2005—when the plaintiff was 55 years old—he applied for a job with the City as a mechanic. Although the plaintiff had the highest score on the City's application examination, the City instead hired an 18-year-old applicant. At trial, the City contended the plaintiff was not hired because the managers doing the hiring thought he might not "work well" with other employees. The plaintiff, however, produced evidence that he was not hired because those other employees wanted a "younger" mechanic who they could "take under [their] wing" and "mold to [their] way of thinking[.]"

A jury returned a verdict in favor of the plaintiff, and awarded him compensatory damages.[2]

On November 19, 2010, the circuit court entered a judgment order on the jury's verdict. Eighteen days later, on December 7, 2010, the City filed a motion for a new trial.

In its motion, the City alleged that one of the jurors (Cindi Greathouse) had not been forthright and truthful during voir dire while the jury was being selected. The City contended that the juror had failed to disclose a prior lawsuit against a former employer, and argued that her failure to provide complete information prejudiced the City's ability to either move the circuit court to strike her for cause, or exercise a peremptory challenge.

In an order dated December 30, 2010, the circuit court granted the City's motion for a new trial. The circuit court determined that although the juror "did not intentionally deceive the Court, she did fail to disclose certain information which would have been vital to the [City] in making a motion to strike for cause and in exercising ... peremptory strikes." The circuit court found the juror's failure to disclose prejudiced the City, and impaired the City's right to a fair trial.

The plaintiff now appeals the circuit court's order granting the City a new trial.

## II.

### Discussion

The plaintiff appeals the circuit court's order on two grounds. First, the plaintiff

---

1. See W.Va.Code, 5–11–1 to –20.

2. The jury awarded the plaintiff $99,164.98 in lost retirement benefits, and $1,219.28 for emotional distress.

argues that the City's motion for a new trial was filed at least one day too late, thereby depriving the circuit court of authority to grant a new trial. Second, the plaintiff argues that the circuit court abused its discretion in finding that one juror failed to disclose information during *voir dire,* and finding that the failure to disclose prejudiced the City's right to a fair trial.

### A. Timeliness of the City's Motion for a New Trial

Rule 59(b) of the *West Virginia Rules of Civil Procedure* [1998] states that "[a]ny motion for a new trial shall be filed not later than 10 days after the entry of the judgment." Rule 59(e) says (with emphasis added) that "[i]f a party fails to make a *timely* motion for a new trial ... the party is deemed to have waived all errors occurring during the trial[.]" "The ramifications of failing to make a motion for a new trial after the entry of judgment ... are harsh." *Miller v. Triplett,* 203 W.Va. 351, 357, 507 S.E.2d 714, 720 (1998).

The plaintiff argues that the City's motion for a new trial (filed on Tuesday, December 7, 2010) was filed more than 10 days after the entry of the judgment (on Friday, November 19, 2010). The plaintiff therefore asserts that the motion was not timely, and asserts that the City waived any error that might have occurred in jury selection.

The City contends that, even though the motion for a new trial was filed 18 days after entry of the judgment order, it was still "timely" under the *Rules of Civil Procedure.* As we discuss below, we agree.

Rule 6(a) of the *Rules of Civil Procedure* [1998] establishes guidelines for computing the various time periods specified by the *Rules.* First, Rule 6(a) says that "the day of the act, event, or default from which the designated period of time begins to run shall not be included." Second, the rule states that "[w]hen the period of time prescribed or allowed is fewer than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Under Rule 6(a), the term "legal holiday" includes "Thanksgiving Day." [3]

In this case, excluding the date of entry of the judgment order on Friday, November 19th, 18 days elapsed before the filing of the motion for a new trial on Tuesday, December 7th. Rule 6(a) excludes Saturdays and Sundays from the calculation—and in this case, there were six weekend days. Furthermore, Thursday, November 25th was Thanksgiving Day, omitting one more day. Under the plaintiff's calculations, the City's motion was filed 11 days after entry of judgment, one day too late.

The City argues, however, that Friday, November 26th was also a "legal holiday" under Rule 6(a) that should be excluded from the computation. The City cites to the Legislature's declaration of "legal holidays," which states: "The following days are legal holidays: ... (11) The day after Thanksgiving Day is 'Lincoln's Day'[.]" *W.Va.Code,* 2–2–1(a)(11) [2006]. The City argues that the phrase "legal holiday" in Rule 6(a) must be read in conjunction with the "legal holidays" set forth in *W.Va.Code,* 2–2–1.

The plaintiff responds that Rule 6(a) does not list "Lincoln's Day" as a legal holiday that is to be omitted in calculating the deadline for filing a motion for a new trial. The plaintiff asserts that only this Court has the power to amend Rule 6 to designate a day as a legal holiday,[4] and asserts that the Court's *Rules of Civil Procedure* cannot be superseded by legislative enactments. Put simply, the plaintiff contends that the Friday after

---

**3.** Concerning legal holidays, Rule 6(a) states:

> As used in this rule ... "legal holiday" includes New Year's Day, Martin Luther King's Birthday, Lincoln's Birthday, Washington's Birthday, Memorial Day, West Virginia Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day, any day on which a general, special or primary election is held in the state or in the county in which the circuit court sits, and any other day appointed

> ed as a holiday by the Governor or by the President of the United States as a day of special observance or thanksgiving, or a day for the general cessation of business.

**4.** *See* Article VIII, § 3, *West Virginia Constitution* ("The court shall have power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the State relating to writs, warrants, process, practice and procedure, which shall have the force and effect of law.").

Thanksgiving Day was not a legal holiday under the *Rules of Civil Procedure*, and therefore the City filed its motion for a new trial one day too late.

█ The question we must therefore resolve is, does the term "legal holiday" in Rule 6(a) of the *Rules of Civil Procedure* include "Lincoln's Day" (the Friday after Thanksgiving Day) or any other legal holiday designated by the Legislature in *W.Va.Code*, 2–2–1? We hold that it does.

The *Rules of Civil Procedure* are liberal and seek substantial justice, and "make clear our intent to avoid placing form over substance in the procedures of our courts." *Talkington v. Barnhart*, 164 W.Va. 488, 493, 264 S.E.2d 450, 453 (1980). The *Rules* "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *W.Va.R.Civ.Pro.* 1 [1998].

█ Furthermore, "Court rules are interpreted using the same principles and canons of construction that govern the interpretation of statutes." Syllabus Point 2, *Casaccio v. Curtiss*, 228 W.Va. 156, 718 S.E.2d 506 (2011). It is a fundamental rule of construction that enactments which relate to the same subject matter should be read and applied together—that is, they are to be interpreted in *pari materia*. *See* Syllabus Point 3, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975). Statutes or rules "which relate to the same persons or things, or to the same class of persons or things, or ... which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the [Legislature's or Court's] intent." Syllabus Point 5, in part, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975).

Rule 6(a) states that it "includes" as legal holidays 12 specifically named days (such as "Christmas Day"). Rule 6(a) also "includes" days appointed by the Governor or the President as a "holiday," "a day of special observance or thanksgiving," or "a day for the general cessation of business." We are asked to resolve whether the use of the term "includes" in Rule 6(a) permits a reading that

would also incorporate into the rule days appointed by the Legislature as legal holidays.

*Black's Law Dictionary* (9th Ed.2009) defines the term "include" as "to contain as a part of something," and says that the term "typically indicates a partial list ... But some drafters use phrases such as *including without limitation* and *including but not limited to*—which mean the same thing." Accordingly, by using the word "includes" in Rule 6(a), this Court was setting forth only a partial list of legal holidays.

Furthermore, Rule 6(a) lists certain *named* days as legal holidays—days such as "Martin Luther King's Birthday," "West Virginia Day," or "Columbus Day"—but the Rule does not specify the *actual date* upon which those holidays are to be celebrated. The actual date is specified by the Legislature in *W.Va.Code*, 2–2–1. For instance, Martin Luther King's Birthday is a legal holiday on the "third Monday of January" (*W.Va.Code*, 2–2–1(a)(2)); West Virginia Day is a legal holiday on the "twentieth day of June" (*W.Va.Code*, 2–2–1(a)(5)); and Columbus Day is a legal holiday on the "second Monday of October" (*W.Va.Code*, 2–2–1(a)(8)).

The Legislature specifically contemplated that Rule 6 was to be read in conjunction with *W.Va.Code*, 2–2–1. Paragraph (f) of the statute states:

> With regard to the courts of this state, the computation of periods of time, the specific dates or days when an act, event, default or omission is required or allowed to occur and the relationship of those time periods and dates to Saturdays, Sundays, legal holidays, or days designated as weather or other emergency days pursuant to section two of this article are governed by rules promulgated by the Supreme Court of Appeals.

*W.Va.Code*, 2–2–1(f).

█ Hence, because the computation of time under Rule 6 of the *Rules of Civil Procedure* cannot be properly done without reference to the Legislature's designated hol-

idays in *W.Va.Code,* 2–2–1,[5] the rule and the statute must be read in *pari materia.* We therefore hold that the term "legal holiday" in Rule 6(a) of the *Rules of Civil Procedure* includes those legal holidays designated by the Legislature in *W.Va.Code,* 2–2–1.

We conclude that, in light of *W.Va.Code,* 2–2–1(11), the day after Thanksgiving Day 2010—that is, Friday, November 26th—was a legal holiday for the computation of filing days in this case. We therefore find that the City's motion for a new trial was filed within 10 days of entry of the circuit court's judgment on November 19th, and the circuit court had the authority to consider the motion.

### B. Award of a New Trial

■ The plaintiff asserts that the circuit court erred in granting the City's motion for a new trial, after finding that a juror failed to disclose material information during *voir dire.* We review the rulings of a circuit court concerning a new trial under an abuse of discretion standard. *See, State v. Crouch,* 191 W.Va. 272, 275, 445 S.E.2d 213, 216 (1994) ("The question of whether a new trial should be granted is within the sound discretion of the trial court and is reviewable only in the case of abuse."); *Tennant v. Marion Health Care Found., Inc.,* 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995) ("We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard."); Syllabus Point 4, in part, *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976)("[t]he ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, [and] the trial court's ruling will be reversed on appeal [only] when

it is clear that the trial court has acted under some misapprehension of the law or the evidence.").

Juror Cindi Greathouse was among the prospective jurors placed under oath prior to voir dire examination. The prospective jurors were asked whether they had "ever participated in a criminal or civil case either as a plaintiff or a defendant," or "ever been in or filed a lawsuit." Ms. Greathouse answered that she "had a workers comp issue" that "was settled out of court." No further questions were asked to elucidate what Ms. Greathouse meant by her answers, and she did not specifically mention a lawsuit. Ms. Greathouse was thereafter a member of the jury that returned a verdict in favor of the plaintiff.

In its motion for a new trial, the City asserted that it had discovered that Ms. Greathouse had been a party to a 1996 deliberate intent lawsuit—filed pursuant to West Virginia's workers' compensation laws[6]— against her employer for injuries sustained in the course of her employment. After approximately two years of litigation, the parties to the lawsuit apparently resolved the matter through settlement. The City contended that Ms. Greathouse's failure to disclose this lawsuit impaired the City's ability to challenge her qualifications for cause or to exercise a peremptory strike.

After conducting a post-trial hearing, and questioning Ms. Greathouse, the circuit court found that Ms. Greathouse "did not intentionally deceive the Court" because she "referred to the lawsuit as a workers' compensation claim." Nevertheless, the circuit court concluded that Ms. Greathouse's failure to disclose more information about the 1996 lawsuit prejudiced the City and impaired its

---

5. Further, the computation sometimes cannot properly be done without reference to other outside sources. Rule 6(a) designates Lincoln's Birthday and Washington's Birthday as legal holidays, but *W.Va.Code,* 2–2–1(a)(3) designates only "Presidents' Day" as a holiday. Lincoln's Birthday is no longer recognized by the Legislature as a state holiday, and has never been recognized as a federal holiday, but it is traditionally celebrated on February 12th. Washington's Birthday is a

federal holiday celebrated on the third Monday of February (even though Washington's actual birthday is February 22nd). 5 U.S.C. § 6103(a) [1998].

6. *W.Va.Code,* 23–4–2 [2005] permits an employee injured through the "deliberate intention" of her employer to bring suit for damages.

right to a fair trial. Solely on this ground, the circuit court granted the City a new trial.

 *Voir dire* of potential jurors is designed "to elicit information which will establish a basis for challenges for cause and to acquire information that will afford the parties an intelligent exercise of peremptory challenges." Syllabus Point 2, in part, *Michael on Behalf of Estate of Michael v. Sabado*, 192 W.Va. 585, 453 S.E.2d 419 (1994). In *West Virginia Human Rights Commission v. Tenpin Lounge, Inc.*, 158 W.Va. 349, 211 S.E.2d 349 (1975), we held that "meaningful and effective voir dire examination" is a requirement of a fair trial; that this procedure must allow counsel "to be informed of all relevant and material matters that might bear on possible disqualification of a juror;" and that such an examination "is essential to a fair and intelligent exercise of the right to challenge either for cause or peremptorily." *Id.* 158 W.Va. at 355, 211 S.E.2d at 353. "If it be determined that a juror falsely answered a question on *voir dire* examination, whether or not a new trial should be awarded is within the sound discretion of the trial court." Syllabus Point 3, *West Virginia Human Rights Commission v. Tenpin Lounge, Inc., supra.*

This case falls squarely into the realm of judicial discretion. The circuit court was able to question Ms. Greathouse and assess her demeanor and veracity, and to balance the effect of Ms. Greathouse's answers upon the City's ability to obtain a fair trial. Upon the record presented, we believe that the circuit court did not abuse its discretion in awarding the City a new trial.

### III.

Based on the foregoing, we hold that the City's motion for a new trial was timely, and the circuit court did not abuse its discretion in granting the motion.[7] Accordingly, the decision of the circuit court is affirmed.

Affirmed.

7. The City raised various cross-assignments of error in its brief. We decline to address these

Justice DAVIS dissents, and reserves the right to file a separate opinion.

Justice WORKMAN dissents, and reserves the right to file a separate opinion.

DAVIS, Justice, dissenting:

In this case, the majority opinion affirms the circuit court's decision to award a new trial to the City of Wheeling. The affirmation is based on two contentions by the majority: first, that the City's motion for a new trial was timely filed; and, second, that the circuit court did not abuse its discretion when it found that Juror Greathouse had failed to disclose information about her involvement in a previous lawsuit such that the City's right to a fair trial was prejudiced and impaired. I disagree with the majority's decision to uphold the circuit court's ruling regarding the juror disqualification issue; therefore, I respectfully dissent.

In its decision, the majority relied on the well-settled law from this Court that

"[i]f it be determined that a juror falsely answered a question on *voir dire* examination, whether or not a new trial should be awarded is within the sound discretion of the trial court." [Syl. pt. 3,] *West Virginia Human Rights Commission v. Tenpin Lounge, Inc.*, 158 W.Va. 349, 211 S.E.2d 349 (1975).

*See* Majority opinion, Syl. pt. 3. While I agree with the majority's statement of the law, I disagree with its application to the facts of this case because the record does not support the assertion that Juror Greathouse falsely answered a question during *voir dire* examination; thus, the prerequisite to the discretionary award of a new trial is absent in this case.

As explained in the *Tenpin* opinion,

[j]ust as the trial court has discretion over *voir dire* examination, so should it have discretion on the question of whether a new trial should be granted because of false answers given by a prospective juror on such examination. In the exercise of its discretion in the latter instance a trial court should, when requested, permit in-

issues.

terrogation of the prospective juror to determine the truth or falsity of such answers and the relevancy thereof to the case under consideration.

*Tenpin,* 158 W.Va. at 358, 211 S.E.2d at 354–55. Moreover, further guidance is provided by our discussion in *State v. Dennis,* 216 W.Va. 331, 607 S.E.2d 437 (2004), wherein we approved of the test set forth in *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). In *Greenwood,* the United States Supreme Court set forth a test for determining whether a new trial is required when there is juror deceit during *voir dire.* This test requires the proponent of the new trial to

first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.

*Id.* at 556, 104 S.Ct. at 850, 78 L.Ed.2d 663.

In *Dennis,* the trial court expressed concern with the discovery regarding the juror in question and proceeded to conduct the necessary hearing. The hearing did not reveal any intent on the part of the juror to withhold information; rather, the record demonstrated that the juror simply misunderstood the *voir dire* question. Counsel did not question the juror during the hearing and did not demonstrate how a correct response by the juror would have provided a valid basis to sustain a challenge for cause or show that the juror was actually biased. In essence, there was no showing of prejudice or other basis for the lower court to find that injustice would result from the juror's continued participation on the panel. In *Dennis,* we found that the trial court properly employed its discretion by refusing to grant a mistrial.

In the present case, however, the contrary is true in that the lower court abused its discretion in granting a new trial. Like *Dennis,* there was no showing in the current case that the juror intended to withhold any information. In fact, the juror thought she had provided all of the necessary information, and the City's counsel failed to follow-up or to demonstrate how a different response by the juror would have provided a valid basis to sustain a challenge for cause or show that the juror was actually biased. Therefore, the lower court's decision to set aside the jury verdict on such grounds was an abuse of discretion.

The lower court's order states that:

[t]he [City] alleged that [Juror] Greathouse failed to disclose that she initiated a lawsuit against her former employer[.] ... Upon review of the transcript from the *voir dire* proceedings on October 20, 2010, the Court finds that ... [i]n response to the question, "[h]ave you or any members of your immediate family ever been in or filed a lawsuit?", [Juror] Greathouse responded that she had "had a workers' comp. issue [that] ... settled out of court." [1]

Additionally, the Court finds that [Juror] Greathouse testified at the December 17, 2010[,] hearing that she thought she disclosed the lawsuit against her employer when she told the Court that she was

---

1. The transcript of the *voir dire* examination reveals the following exchange occurred:

The Court: Have you or any members of your immediate family ever been in or filed a lawsuit? I think that's pretty much been answered before, but in case it was limited, have any of you ever been sued or sued anyone else?

Potential Juror Greathouse: My name is Cindi Greathouse. I had a workers' comp issue.

The Court: Did you go to hearing on that?

Potential Juror Greathouse: We did—well, we did not. It was settled out of court.

The Court: Okay. Thank you.

The Court: Okay. For any of you who have been involved in a lawsuit, with the fact that you have personally been involved in a lawsuit or you're associated closely with anyone who's been in a lawsuit, would that in any way make it difficult for you to be fair and impartial in this case? Is there anyone that that would influence?

involved in a "workers' comp. issue".[2] (Footnotes added).

Based on the foregoing, the lower court determined that a new trial should be awarded to the City, making the following conclusions:

> In regard to [Juror] Greathouse's alleged failure to disclose the lawsuit against her former employer, the Court finds that although [Juror] Greathouse did not intentionally deceive the Court, she did fail to disclose certain information which would have been vital to the [City] in making a motion to strike for cause and in exercising her preemptory [sic] strikes. The information that [Juror] Greathouse failed to disclose involved a lawsuit, against her former employer under the deliberate intent statute wherein she recovered monetary damages from her employer. The Court finds that [Juror] Greathouse referred to

(Response in the negative.)

2. After the trial, during the hearing on the City's motion for a new trial, the City introduced evidence that Juror Greathouse had a deliberate intent claim against her employer, Swisher International, Inc., a tobacco company, that was unrelated to the City of Wheeling, or its employees. In the *voir dire* transcript, Juror Greathouse mentioned this action as a workers' compensation issue that was settled out of court.

3. After the general *voir dire*, the circuit court permitted individual *voir dire* based on the request by the City's counsel that Juror Greathouse be brought into chambers for questioning. The following record was made:

> The Court: Just have a seat. You understand that you're still under oath?
> Potential Juror Greathouse: Yes, sir.
> The Court: Okay, You had indicated that you had had some disputes with the city. Were those disputes all involving your participation in a civic organization?
> Potential Juror Greathouse: Yes, sir.
> The Court: Anyone else want to ask any follow-up questions?
> [The City's counsel]: I thought I heard you say that you believed that those claims were settled fairly?
> Potential Juror Greathouse: Yes, ma'am.
> [The City's counsel]: You don't have any problems with the way it was settled?
> Potential Juror Greathouse: Oh, no. Everything was great. It worked out wonderful.
> [The City's counsel]: Okay. I don't have any further questions, Your Honor.
> [Mr. Postlewait's counsel]: That problem you had with the city, would that affect your ability to be fair, a fair juror in this case

the lawsuit as a workers' compensation claim, but did not disclose anything about the lawsuit. The Court finds that this failure to disclose prejudiced the [City] and impaired the [City's] right to a fair trial. The Court therefore grants the [City's] Motion for a New Trial....

My review of the record reveals that the City's right to a fair trial was not impaired and that any failure to produce a fair trial was caused by the City, itself.[3] For that reason, I cannot agree with the majority's decision to reward the City with a new trial because the City failed to create a proper record when it had the opportunity to do so during the lower court's trial. While the individual colloquy contained follow-up questions of Juror Greathouse regarding other legal or quasi-legal proceedings with which she had been involved, notably absent were follow-up questions regarding the "lawsuit"

> where Albert Postlewait is suing the City of Wheeling for age discrimination in a mechanic position when they hired someone 18 years old when he was 50?
> Potential Juror Greathouse: No, it would not have any effect, sir.
> [Mr. Postlewait's counsel]: You could listen to the evidence and Judge Gaughan's rulings and instructions on the law and apply that in a fair and impartial manner to both parties?
> Potential Juror Greathouse: Absolutely.
> [Mr. Postlewait's counsel]: I don't have anything further, Your Honor.
> [The City's counsel]: I do have one follow-up question. You indicated that you maybe are or had been a union member and that you filed grievances with your union. Did you believe that those were handled fairly?
> Potential Juror Greathouse: Yes, Ma'am.
> [The City's counsel]: All right. Resolved to your satisfaction?
> Potential Juror Greathouse: Yes, ma'am. Everything worked out great.
> [The City's counsel]: Okay. Thank you.
> The Court: Any follow up?
> [Mr. Postlewait's counsel]: No, sir.
> The Court: You may have your seat back in the courtroom.
> Potential Juror Greathouse: Thank you very much.
> (Whereupon Potential Juror Greathouse exited the Court's chambers and the following transpired.)
> The Court: Any motion for cause?
> [The City's counsel]: No, Your Honor.
> [Mr. Postlewait's counsel]: No.

where Juror Greathouse had "a workers' comp. issue" that "settled out of court." Counsel simply did not make any record on the issue.

As has been stated previously:

A party simply cannot acquiesce to, or be the source of, an error during proceedings before a tribunal and then complain of that error at a later date. *See, e.g., State v. Crabtree*, 198 W.Va. 620, 627, 482 S.E.2d 605, 612 (1996)("Having induced an error, a party in a normal case may not at a later stage of the trial use the error to set aside its immediate and adverse consequences."); *Smith v. Bechtold*, 190 W.Va. 315, 319, 438 S.E.2d 347, 351 (1993) ("[I]t is not appropriate for an appellate body to grant relief to a party who invites error in a lower tribunal." (Citations omitted).).

*Hanlon v. Logan Cnty. Bd. of Educ.*, 201 W.Va. 305, 316, 496 S.E.2d 447, 458 (1997). Stated simply,

"[a] motion to set aside a verdict and grant a new trial on the ground that a juror subject to challenge for cause was a member of the jury which returned it, must be supported by proof that the juror was disqualified, that movant was diligent in his efforts to ascertain the disqualification and that prejudice or injustice resulted from the fact that said juror participated in finding and returning the verdict. Such facts must be established by proof submitted to the court in support of the motion, and not from evidence adduced before the jury upon the trial." Syl., *Watkins v. The Baltimore and Ohio Railroad Company et al.*, 130 W.Va. 268[, 43 S.E.2d 219 (1947), *overruled on other grounds by* Syl. pt. 3, *Proudfoot v. Dan's Marine Serv., Inc.*, 210 W.Va. 498, 558 S.E.2d 298 (2001) ].

Syl. pt. 2, *State v. Dean*, 134 W.Va. 257, 58 S.E.2d 860 (1950).

Furthermore,

"[w]here there is a recognized statutory or common law basis for disqualification of a juror, a party must during voir dire avail himself of the opportunity to ask such disqualifying questions. Otherwise the party may be deemed not to have exercised reasonable diligence to ascertain the disqualification." Syl. Pt. 8, *State v. Bongalis*, 180 W.Va. 584, 378 S.E.2d 449 (1989).

Syl. pt. 8, *Arnoldt v. Ashland Oil, Inc.*, 186 W.Va. 394, 412 S.E.2d 795 (1991). *Accord* Syl. pt. 5, *McGlone v. Superior Trucking Co., Inc.*, 178 W.Va. 659, 363 S.E.2d 736 (1987) ("Where a new trial is requested on account of alleged disqualification or misconduct of a juror, it must appear that the party requesting the new trial called the attention of the court to the disqualification or misconduct as soon as it was first discovered or as soon thereafter as the course of the proceedings would permit; and if the party fails to do so, he or she will be held to have waived all objections to such juror disqualification or misconduct, unless it is a matter which could not have been remedied by calling attention to it at the time it was first discovered. *Flesher v. Hale*, 22 W.Va. 44 (1883)." [4] (footnote added)).

This case is not analogous to cases where this Court has remanded issues for the trial court to determine if an inaccurate answer to a *voir dire* question was willful. In fact, it is clear that the issue of the workers' compensation settlement was raised by Juror Greathouse in response to a *voir dire* question about previous legal proceedings. After the trial, and while still under oath, when asked the question as to why the issue of the deliberate intent workers' compensation lawsuit was not raised previously, Juror Great-

4. We note that *Flesher v. Hale*, 22 W.Va. 44 (1883) remains good law for the proposition for which it has been cited. Nevertheless, it has been overruled in the realm of felony convictions by a potential juror and the juror's concealment of the same. *See* Syl. pt. 3, *Proudfoot v. Dan's Marine Serv., Inc.*, 210 W.Va. 498, 558 S.E.2d 298 (2001) ("A new trial is required when it is discovered after trial that a juror who voted on the verdict is statutorily disqualified under W.Va. Code § 52–1–8(b)(6) because the juror has been convicted of a felony; the juror concealed the felony conviction during *voir dire* in response to the specific inquiry whether any of the prospective jurors were convicted felons; and the disqualification was undiscoverable by the exercise of ordinary diligence. The complaining party is not required to show that it suffered wrong or injustice as a result of the convicted felon's presence on the jury. To the extent that *Flesher v. Hale*, 22 W.Va. 44 (1883), and its progeny are inconsistent, they are expressly overruled.").

house testified that she thought she had properly mentioned it when she asserted her participation in "a workers' comp. issue" that "settled out of court." Even the lower court's order recognized that the juror's responses were not intentionally deceitful. It is not Juror Greathouse's fault that counsel for the City failed to follow-up on this issue. The City of Wheeling had both the opportunity and the obligation to determine whether Juror Greathouse's previous workers' compensation claim was limited to an event irrelevant to the present proceedings, or whether the claim was such that it could impact the City's ability to obtain a fair and impartial trial.

Because the parties were afforded the opportunity to investigate an area that was plainly set forth by the juror during *voir dire* and the parties failed to inquire further, it was an abuse of discretion for the circuit court to set aside the jury verdict and award a new trial on the basis of the juror's lack of information and its possible implications on the fairness of the trial. For the reasons stated, I dissent. I am authorized to state that Justice Workman joins me in this dissenting opinion.